UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
 LOCAL 210 PENSION FUND, LOCAL 210'S
SCHOLARSHIP AND EDUCATION FUND,
AND LOCAL 210 ANNUITY FUND,

                                                                          **COMPLAINT**

                                          Plaintiffs,

          -against-

TARA TOY CORP.,
                                    Defendant.
-----------------------------------------------------------------X

              Plaintiffs, Local 210 Pension Fund ("Pension Fund"), Local 210's Scholarship and

Education Fund ("Scholarship Fund"), and Local 210 Annuity Fund ("Annuity Fund"), herein

collectively referred to as the "Funds", by their attorneys Raab, Sturm & Ganchrow, LLC, as and

for their Complaint against Tara Toy Corp. ("Defendant"), respectfully allege as follows:

                                          **NATURE OF ACTION**

              1.          This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),

(hereinafter referred to as "ERISA") by an employee pension benefit fund, an employee

scholarship and education fund and an employee annuity fund,  for relief under ERISA and for

breach of contract to secure performance by an employer of specific statutory and contractual

obligations to pay and/or submit the required monetary contributions to the Funds, pursuant to

collective bargaining agreements (as hereinafter defined).  This Complaint alleges that by failing,

refusing or neglecting to pay and submit the required monetary contributions to the Funds when

due, Defendant violated its collective bargaining agreements, and the respective trust agreements

of the Funds, and ERISA.

**JURISDICTION**

2.    Jurisdiction of this Court is invoked under the following statutes:

    (a)    Section 502(e) (1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b)    28 U.S.C. Section 1331 (federal question); and

    (c)    28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

**VENUE**

3.    Venue properly lies in this district under Section 502(e) (2) of ERISA (29 U.S.C. § 1132 (e) (2)).  Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6) (2)).

**PARTIES**

4.    The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c) (5)).  The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d) (1) of ERISA (29 U.S.C. § 1002(2), (3), and 1132(d) (1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).  The Funds are authorized to maintain suit as independent legal entities under Section 502(d) (1) of ERISA (29 U.S.C. § 1132(d) (1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with International Brotherhood of Teamsters, Local 210, ("Union"), to invest and maintain those monies, and to distribute pensions, scholarship and education benefits, and annuity benefits to those employees eligible to receive them. The Scholarship Fund maintains

its offices and is administered at 55 Broad Street, New York, New York, in the City, County, and State of New York. The Pension and Annuity Funds maintain their offices and are administered at 60 Broad Street, New York, New York, in the City, County and State of New York.

5.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 55 Broad Street, New York, New York, in the City, County, and State of New York.

6.      Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit New York corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, pursuant to the Agreement with Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Funds' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT)

7.      The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8.      Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

8.    In or around the end of 2017, the Funds completed an audit of the books and records of the Defendant in order to ascertain if the Defendant was remitting to the Funds the appropriate amounts of contributions.

9.    The audit disclosed that during the period covered by the audit, January 1, 2013 through December 2016, the Defendant was delinquent to the Funds.  Specifically, the audit found deficiencies to the to the  Pension Fund in the amount of $18,157.00,  to the Annuity Fund in the amount of $3,940.00, and to the Scholarship and Education Fund in the amount of $125.00. The Defendant is liable to the Funds in the total amount of $1086.00.

10.    By letter dated December 6, 2017, the Funds demanded payment of the sums described above in paragraph 9.

11.    To date the Defendant has failed to make the payment for the audit delinquencies.

12.     Such failure to make payment or timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

13.    Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

14.    Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on

the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of

ERISA (29 U.S.C. § 1132).

**WHEREFORE,** plaintiffs Funds demand judgment:

a.     against Defendant for payment of all past due contributions as found in the audit in the amount of $23,183.00 for the period covered by the audit;

b.     against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g) (2);

c.     against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g) (2);

d.     for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
       April 22, 2019

RAAB, STURM & GANCHROW, LLP

By: _____
    Ira A. Sturm (IS-2042)
    *Attorneys for Plaintiffs Funds*
    2125 Center Avenue, Suite 100
    Fort Lee, New Jersey 07024
    202-292-0150
    Fax: 201-292-0152
    isturm@rsgllp.com